NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARNOU AGHAMALIAN, AKA Arnou
Aghomolian,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No.    18-56345

D.C. Nos.    2:17-cv-08289-PA
              2:98-cr-01038-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 11, 2019
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,[**] District
Judge.

Arnou Aghamalian appeals the district court's denial of his petition for a

writ of error coram nobis to vacate his 1998 conviction for access device fraud.

Aghamalian alleges that he received ineffective assistance of counsel because he

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

was affirmatively misadvised about the immigration consequences of his guilty plea. The district court dismissed Aghamalian's petition on the grounds that its filing was unduly delayed; that Aghamalian had failed to establish that his counsel performed deficiently; and that Aghamalian had failed to establish prejudice. Reviewing de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), we reverse.

1. "[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *Id.* To prevail on a petition for a writ of error coram nobis, a petitioner must show four things: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id*. at 1006 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). A petitioner may satisfy the fourth factor, "the fundamental error requirement[,] by establishing that he received ineffective assistance of counsel." *United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 558 U.S. 356 (2010). To establish ineffective assistance of counsel, Aghamalian must establish: "1) that his counsel's performance fell below an objective standard of reasonableness, and 2) that the

2

deficiency in his counsel's performance prejudiced him." *Id.* at 1014-15 (citing *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). The Government argues that Aghamalian's petition was untimely filed and that he has failed to establish either prong of ineffective assistance of counsel.

2. Aghamalian did not unduly delay the filing of his petition. "[T]he time for filing a [writ of error coram nobis] petition is not subject to a specific statute of limitations." *Id.* at 1012 (quoting *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994)). Rather, "courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *Id.* Aghamalian has provided such reasons. Specifically, Aghamalian could reasonably have thought that because he told officers with the Department of Homeland Security about both his federal and state convictions, but was initially charged as deportable based only on his state conviction, that his federal conviction did not render him deportable—and, in turn, that the advice he received with respect to his federal conviction was correct. It was therefore reasonable for Aghamalian to challenge his federal conviction only after he was made aware both that there were negative immigration consequences flowing from that conviction and that the advice he received was incorrect with respect to that specific plea deal and conviction.

3. Aghamalian has also established deficient performance.  The parties agree that if Aghamalian's counsel affirmatively misrepresented the immigration consequences of the plea and conviction, that constituted ineffective assistance under *Strickland*.  *See Lee v. United States*, 137 S. Ct. 1958, 1964 (2017).

Here, the Government argues that Aghamalian did not receive incorrect advice from Ramsey, his attorney of record in the case, but instead from Becker, who had represented Aghamalian in a separate case.  Aghamalian acknowledges that it was Becker who first told him (incorrectly) that he could not be deported if he were sentenced to less than one year.  But Aghamalian also stated that Ramsey, who was representing Aghamalian in the federal case at issue, told Aghamalian that he agreed with Becker's strategy.[1]  Aghamalian likewise stated in his declaration that his attorney "told [him] that the conviction would not affect [his] immigration status as long as [he] was sentenced to less than one year."  Ramsey's contemporaneous statement to the court at Aghamalian's sentencing also conveyed that same misinformation.  Aghamalian has therefore established that Ramsey affirmatively misadvised him about the consequences of his guilty plea.

4. Finally, Aghamalian has established prejudice.  To establish prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

---

[1] Becker's declaration is not to the contrary.

*United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). Where a petitioner challenges counsel's advice with respect to a plea agreement, a "different result" for purposes of establishing prejudice "means 'that but for counsel's errors, [the petitioner] would . . . have gone to trial'" or that "there existed a reasonable probability of negotiating a better plea." *Id.* (quoting *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004)).

Contemporaneous evidence supports Aghamalian's assertion that he would not have pled guilty but for counsel's incorrect advice. At the time of his guilty plea, Aghamalian was relatively young and had strong family ties to the United States. Ramsey's statement at trial made clear that Aghamalian had investigated the immigration consequences of his plea, and Becker's declarations submitted in support of Aghamalian's post-conviction proceedings corroborate Aghamalian's own statements that immigration concerns were important to his decisionmaking at the time. Additionally, Aghamalian's contemporaneous decision to accept a 360-day sentence in a separate state case, as well as his decision in his federal case to accept an 11-month sentence over a sentence of one year and one day, which Ramsey told him would have resulted in him actually serving less than 11 months (but that, under Ramsey's incorrect advice, would have rendered him deportable), lend support to Aghamalian's claim that he would not have pled guilty if he had been aware of the immigration consequences of his plea. There is also evidence to

5

support Aghamalian's assertion that he might have received a better plea bargain had he been properly advised.  Aghamalian has therefore established prejudice.

For the reasons discussed, the district court's denial of Aghamalian's petition for writ of error coram nobis is REVERSED.  Each party shall bear its own costs.